FLORENCE BALLENTINE, complainant-appellant,

*v.*

LAWRENCE H. BALLENTINE and SALVATORE DI BLASSIS, defendants-respondents.

[Argued February 7th. 1938. Decided May 17th, 1938.]

*Mr. Dominick F. Pachella,* for the appellant.

*Mr. George Bratt, Jr.,* for the respondent Lawrence H. Ballentine.

578

*Messrs. Gaudielle & Shuart* (*Mr. Joseph H. Gaudielle* and *Mr. James A. Major,* of counsel), for the respondent Salvatore Di Blassis.

The opinion of the court was delivered by

RAFFERTY, J.

Is a bond made and delivered on Sunday to obtain the release of one duly arrested and imprisoned on a secular or week-day, void as being condemned by the Vice and Immorality act (*Rev. Stat. 2:207-1*)? We think not.

Respondent Ballentine was duly taken into custody on Saturday, August 29th, 1936, under and by virtue of a writ of *ne exeat* and confined in the Bergen county jail. Bail having been fixed, he was released from custody the following day upon the posting with the sheriff of Bergen county of an appropriate bond, respondent Di Blassis being surety thereon. The suit in which the writ was issued having thereafter proceeded to final decree against respondent Ballentine, he departed the state and has not complied with the provisions thereof. Upon petition for forfeiture of the bond and the payment of the penalty by the surety, the court below ruled that the bond was void, it having been executed and delivered on Sunday, and ordered its cancellation. It is from this order that complainant below appeals.

The doing or performing on Sunday of any worldly employment or business, works of necessity and charity excepted, is expressly prohibited by the statute, *supra.* It is held in many jurisdictions that entering into bond on Sunday for the purpose of securing the release of a person in custody is a valid undertaking, as constituting matter of necessity or charity. *60 C. J. 1142; 25 R. C. L. 1448.*

This court quoted with approval in *MacKenzie* v. *Trustees of Presbytery of Jersey City, 67 N. J. Eq. 652, 665,* the language of *Jackson* v. *Phillips, 96 Mass. 539, 566,* wherein it is said:

"A charity, in its legal sense, may be more fully defined as a gift, to be applied, consistently with existing laws, for

the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint; by assisting them to establish themselves in life; or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it be so described as to show that it is charitable in its nature."

This definition, it is true, is premised upon the notion of a gift of property for the benefit of an indefinite number of persons. Its principle, however, may and does apply equally to an individual as here circumstanced, who seeks the benefits of existing law.

*1 Bouvier (8th ed.) 647*, defines the word constraint as being equivalent to the word restraint, citing *Edmondson* v. *Harris, 2 Tenn. Ch. 433. Ballentine's Law Dictionary (1930* ed.) *270*, relying upon the same authority, says, "the word constraint then is defined as an abridgement of liberty or hindrance of the will, and it is identical in meaning with the word compulsion." Webster advises that constraint is synonymous with restraint and compulsion.

Respondent Ballentine was confined to the Bergen county jail under the constraint of due legal process. He had the undoubted right to regain his personal liberty by the posting of just and reasonable bail. The end sought and accomplished by the giving of the bail was relief from the constraint and the attendant restoration to personal liberty. Becoming surety to the bail was indispensably in aid thereof and such action, being intended for the relief of another rather than relief of self, partakes of even greater benevolent qualities than are to be found in the principal undertaking. To urge that the accomplishment of these purposes in a proper and accepted manner is not a work of charity is to beg the question.

In *Jewett* v. *Bowman, 27 N. J. Eq. 275*, it was the service of the writ which was declared void because made on Sunday, contrary to the provisions of the fifth section of the statute,

now *Rev. Stat. 2:207-17.* The bond was, for that reason, ordered canceled. This, however, is not the case presently before us. Here undeniably the service of the writ was legal. It is the giving of the bond on Sunday that is declared to have been illegal.

Nor is the fact that the legislature has not enacted with respect to the taking of civil or equitable bail on Sunday similar or comparable legislation to that enacted with respect to the taking of bail on Sunday in criminal proceedings (*Rev. Stat. 2:187-8*) of significance. Service of process, &c., in criminal cases is excepted from the prohibition of the fifth section above mentioned. The reason thereof is self-evident. Moreover, bail in criminal cases being expressly permitted, it must be considered that such legislation is declaratory of the common law and that the giving of civil or equitable bail on Sunday which extends relief in cases involving less serious consequences to the state is permitted as being work of charity.

We conclude, therefore, that, under the circumstances of this case, the giving of bond on a Sunday was within the exception of the statute as being a work of charity and that the action of the court below ordering the cancellation of the bond should be and is hereby reversed.

*For affirmance*—DONGES, J. 1.

*For reversal*—PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 11.